RECEIVED

APR 2 2 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Nicole Farley
10115 s. Emerald
Chicago IL 60628
(Name of the plaintiff or plaintiffs)

v.

A.M. Bus Company
100 W. 91st ST
Chicago IL 60620
(Name of the defendant or defendants)

10cv2492
Judge Harry D. Leinenweber
Magistrate Michael T. Mason

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is **Nicole M. Farley** of the county of **Cook** in the state of **Illinois**.
3. The defendant is **A.M. Bus Company**, whose street address is **100 W 91st Street**, (city) **Chicago** (county) **Cook** (state) **IL** (ZIP) **60620** (Defendant's telephone number) **(773) - 396-5556**
4. The plaintiff sought employment or was employed by the defendant at (street address) **10115 s Emerald** (city) **Chicago** (county) **Cook** (state) **IL** (ZIP code) **60628**

5. The plaintiff [check one box]
   (a) ☐ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **April**, (day) **6th**, (year) **2010**.

Case: 1:10-cv-02492 Document #: 1 Filed: 04/22/10 Page 2 of 15 PageID #:2

Case: 1:10-cv-02492 Document #: 1 Filed: 04/22/10 Page 2 of 15 PageID #:2

Case: 1:10-cv-02492 Document #: 1 Filed: 04/22/10 Page 2 of 15 PageID #:2

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] [X] has not [ ] has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) [ ] the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii) [ ] the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is ttached. [ ] YES. [X] NO,

**but plaintiff will file a copy of the charge within 14 days.**
It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    [ ] Yes (month)_____ (day)_____ (year)_____
    [X] No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

c. Attached is a copy of the

    a. Complaint of Employment Discrimination,
    [ ] YES [X] NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision
    [ ] YES [X] NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b)☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a)☐ Age (Age Discrimination Employment Act).
   (b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
   (d)☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (e)☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
   (f)☐ Religion (Title VII of the Civil Rights Act of 1964)
   (g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

   (a)☐ failed to hire the plaintiff.
   (b)☒ terminated the plaintiff's employment.
   (c)☐ failed to promote the plaintiff.
   (d)☐ failed to reasonably accommodate the plaintiff's religion.
   (e)☐ failed to reasonably accommodate the plaintiff's disabilities.
   (f)☐ failed to stop harassment;
   (g)☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
   (h)☐ other (specify):_____
   _____
   _____
   _____
   _____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

The defendant Violated the Federal FMLA Act, Retaliatory Discharge for exercising FMLA Rights, and Wrongful Discharge claim.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. [X] YES   [ ] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) [ ] Direct the defendant to hire the plaintiff.
(b) [ ] Direct the defendant to re-employ the plaintiff.
(c) [ ] Direct the defendant to promote the plaintiff.
(d) [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.
(e) [ ] Direct the defendant to reasonably accommodate the plaintiff's disabilities.
(f) [ ] Direct the defendant to (specify): _____

(g) [X] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [X] Grant such other relief as the Court may find appropriate.

_____
Plaintiff's signature

Nicole Farley
Plaintiff's name

Plaintiff's street address  10115 s. Emerald

City Chicago   State IL   ZIP 60628

Plaintiff's telephone number  773 642-0770

Date: 4/22/2010

This Document is a full Description of Incidents which took place before and after the Termination of my Employment From A.M Bus Company.

On Wednesday February 10, 2010 I arrived At Robbins CEDA Head start School in Robbins, IL at 3pm to complete my daily PM Route. On this day, I was informed by a CEDA teacher that a child that was assigned to my Bus Route for transportation at the beginning of the school year; would be needing a ride home with the bus company. Prior to this date, the mother of the child was picking up and dropping off her daughter since the month of Dec, 2009, but the child's information was still current on the Bus Route Sheet. The child was delivered to the address listed on the current Bus Route Sheet. The child was not taken to the front door of the location, because it was a very high level of snow on the ground and the bus driver could not move the bus any further without getting stuck. This was also a no outlet street, so I felt it was safe to allow the child to walk to the front door, on her own. The driver and I waited until the door of the address was opened and the child was let in the home. The driver was able to see an adult open the door which was later found out to be the child's aunt. The driver slowly backed out of the street, while I watched the door and no one appeared at the door, indicating there was a problem with the child being left there. We continued completing the PM route. Approximately, 15 minutes after the child was let into the home, The bus driver and I received a call from Mr. B. Monday, ( CEDA Supervisor), stating that there was a very upset parent at the school because we drop off her daughter at a location she did not want her daughter to go too. I explained to Mr. Monday that the Teacher at the school informed me that the parent was not coming, and I was asked to take the child home. The parent was very angry and I was told to fill out an Incident Report before going home that evening. The next day Feb, 11th, I was told by my Supervisor, Ms. C Jarvis, that an Investigation had to be done regarding the incident that happened the day before. And I would be placed on a 3 Work Day Suspension from 2/11/2010 to 2/17/2010. However on Feb 16th, I received a call from Ms Jarvis, requesting I return to work that day. Ms Jarvis informed me that I would be able to return to work but would be placed on a different bus route. On the same day my mother received a call from my daughter's Doctor requested I come in ASAP because my Daughter's recent MRI showed a buildup of fluid in her brain and she may need surgery in the near future. The next day on Feb, 17th I contacted my employer and informed Ms Jarvis of the message received by my mother and the appt. setup for that day. I did inform her I would be going on a leave of absence to care for my daughter before and after her surgery. On Feb, 22nd I arrived at A.M Bus Company and informed Ms, Jarvis that my Daughter would be having surgery and I would start my leave the next week on March 1, 2010, Ms Jarvis stated that I was not really needed and I could start my leave on that day. She made no reference to the incident, so on Feb 22nd I filled out a request for time off form, for the dates of 2/22/10 to 4/1/2010. My daughter's surgery took place on March 5th. She was released home on March 8th, and I was giving a Doctor statement verifying the surgery my daughter had. I took this information to Ms. Jarvis on the 11th of March to

show the Doctors statement and proof of surgery, Ms Jarvis asked me to call her as soon as my Daughter had her 2 week check up and I would be able to return to work. I would like to add that at NO TIME during these meetings Ms Jarvis inform me of anything regarding the Incident with the upset parent or if the investigation was even still taking place, I fully had the understanding that I would be returning to work in the upcoming weeks. On March 31st my daughter meet with her Doctor for a follow-up appt after the surgery, and was informed that she could return to school on April 5th. On April 5th I took the Doctor statement allowing me to return to work to my place of employment. On that day Ms. Jarvis was not available so, I left a copy of the doctor statement at the Reception desk, and asked that Ms Jarvis called me as soon as she became available. I called Ms Jarvis later that afternoon and ask if she received the statement from my daughter's Doctor. She informed me that, she did not. I then inform her that I am now able to return to work. She then asks that I come in on the next day April 6th at 7am. I arrived at A.M Bus Company on April 6th and was asked to come into a conference room by Ms Jarvis, were I was shown a letter that Ms Jarvis stated she received (Included with this Document) is the reason why she had to Terminate my employment TWO MONTHS after the incident happened and right on the day, I was to return from my leave of absence. Because of the length of time following the Incident, the presumption of employment, and the timing of termination on the day of my return from FMLA leave, I feel I have grounds to file a Civil Suit against, A. M. Bus Company.

Nicole Farley

April 20, 2010

*Nicole F*
10 W5 s. Emerald
273 642-0770

# Termination Form

| | |
|---|---|
| Employee's Name: Nicole Farley | Date: 4/6/2010 |
| Social Security #: 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 | Job Title: Bus Attendant |
| Supervisor: Christina Jarvis | Department: Transportation |

## Reason(s) for Voluntary Termination

- ☐ Better paying job
- ☐ Family concerns / problems
- ☐ School
- ☐ Changing vocations / careers
- ☐ Moving
- ☐ Another bus company
- ☐ Other, please specify _____

## Reason(s) for Involuntary Termination

- ☐ Accidents
- ☒ Failure to perform duties
- ☐ Frequent tardiness
- ☐ No call no show
- ☐ Other, please specify  *Attached is a letter of explanation.*

If given the opportunity, would you rehire this person?

1. Yes (must explain)
   _____
   _____

2. No (must explain)
   _____
   _____

Additional Comments:
_____
_____
_____

*Nicole Fay*
Louis & Emerald
773 642-0770

# CEDA

**Community and Economic Development Association of Cook County, Inc.**

208 S. LaSalle Street, Suite 1900 • Chicago, Illinois 60604
Phone: 312-795-8844 • Fax 312-795-1034
www.cedaorg.net

CHAIRMAN
BOARD OF DIRECTORS
Honorable Seth D. McCormick, Jr.

VICE-CHAIRMAN
BOARD OF DIRECTORS
Honorable Lorraine H. Morton

SECRETARY
BOARD OF DIRECTORS
Lisa K. Anthony

TREASURER
BOARD OF DIRECTORS
Honorable Joseph Freelon

PARLIMENTARIAN
BOARD OF DIRECTORS
Dreina Lewis

PRESIDENT
CHIEF EXECUTIVE OFFICER
Robert L. Wharton

**Executive Committee:**
Lisa K. Anthony
Deborah Carlson
Honorable Joseph Freelon
Teena D. Juergens
Dreina Lewis
Martha Martinez
Honorable Lorraine H. Morton
Honorable Seth D. McCormick, Jr.
Edward Presberry
Robert L. Wharton

**Board Members:**
Honorable Saul L. Beck
Laura M. Berrum
Honorable Irene Brodie
Earl Collymore
Michael F. Delonnay
Cora Galbreath
Reatha Sue Henry
Angel N. Kindo
Brent Latta
Mark Madej
Mary M. McCarty
Angelica Panduro
Patricia Rush-Martin
Marion E. Stewart-Parrott
Warren Watkins

Member:
ILLINOIS ASSOCIATION OF
COMMUNITY ACTION AGENCIES

NATIONAL ASSOCIATION OF
COMMUNITY ACTION AGENCIES

April 5, 2010

To whom it may concern,

Last month a child had been released from the Robbins bus Three without a parent present. This is a very serious violation of CEDA and Head Start policy. Unfortunately, due to this incident, I have no other option but to request that this monitor be permanently removed from CEDA Head Start buses. Your cooperation in this matter is greatly appreciated.

Laura Berrum
Transportation Specialist
CEDA Head Start

*Helping People, Changing Lives*

10115 s. Emerald
773 642-0770



# A.M. BUS COMPANY, INC.

## Accident Description

| Date of ~~Loss~~: 2/10/2010 | ~~Driver~~ Aide Name: Nicole Farley |
|---|---|
| Bus #: 3857 | School & Route #: Robbins Rt 3 |
| ~~Location of Accident~~: | |

**Accident Description in Detail:**

ON Wed 2/10/2010, I arrived at CEDA school and pick up my PM Drop off kids. On this day there was a child by the name of Taliyah Pham who was assigned to Bus #3 at the beginning of the school year. But for the last 3 months this child was pick up and drop off by her parent. On todays date I was informed by her classroom teacher, that her parent was not picking her up today, so I stated I would take the child home. The driver drove the child to the location of 4112 W. 136 Pl Robbins which is and was the only location listed on the Rt sheet. The place of addresse is located on a street with no outlet. There was snow piled high on the street. The driver drove halfway down the block and stops. Because the horn does not work on the bus, I ask the child to walk to the door and ring the bell. The child did as I ask her and the door was opened, by a women that →over

Signature: _[signed]_  Date: 2/10/2010

Nicole Fy
10115 S. Emerald
773 642-0770

9330 S. CONSTANCE – CHICAGO, ILLINOIS 60617
PHONE (773) 734-8100 – FAX (773) 734-9466



**A. M. Bus Company**

9330 South Constance • Chicago, IL. 60617

773-734-8100 Phone • 773-734-9466 Fax

### Disciplinary Action Incident Report

It is the policy of A.M. Bus Company that all employees are employed at the will of the company. The employee may be terminated by A.M. Bus Company at any time, with or without notice.

Name of Employee __Nicole Farley__
Job Classification __Bus Aide__
Department __Transportation__

State exactly what originally happened: when it happened: who was involved: witnesses: what rule, policy, statute, or contract clause is involved.

On 2-10-2010 Nicole Farley left a child outside of the home unattended. Ms. Farley failed to perform her duties as a bus Aide by not making sure the child was safely delivered to the parent, or an Adult. Ms. Farley will be suspended for 3 consecutive days. The Company will launch an investigation and if the Attendant is found at fault at that time she will be Terminated. Ms. Farley also failed to leave an Incident report that was requested by Benard Monday her Cedia Supervisor.

**Action Recommended by the Department Head**
In determining the recommendation for disciplinary action, the employees' previous behavioral problems, past performance and length of service will be taken into consideration.

(1) ____ Verbal Warning Only

(2) ____ Written Reprimand

(3) _3_ Work Day(s) Suspension
From _2_ _11_ _2010_ To _2_ _17_ _2010_
     mo. day year    mo. day year

(4) Other _____

Signature of person preparing report __Christine J.__ date _2-11-2010_

Signature of Department Head _____ date _____

Employee Remarks _____

Signature of Employee __[signature]__ date _2/11/2010_
(The signature of the employee acknowledges receipt of this form: it does not mean agreement with its content.)

Disposition and Distribution of this form:
(1) The original must be retained by A.M Bus Company. Written record of any action taken, unless it is a verbal warning only, shall be placed in the employee's official record.
(2) The second copy is to be retained by the employee's department. It will serve as documentation of a verbal or written reprimand.
(3) The third copy is to be given to the employee at the time the form is completed.

[signature] Nicole Fa[rley]
10115 S. Emerald
773 642-0770

DROP OFF CHANGE

**Robbins-3 P.M. Take Home**

| Time | Address | Notes | Student Name | Phone Number |
|---|---|---|---|---|
| 3:00 PM | Depart 3518 W 139th St, Robbins, IL 60472 | | | |
| | 3558 W. 147th Street | | Adrian White | |
| | Arrive 13817 S Kedvale Ave, Robbins, IL 60472 | | Tyshaw Davis | 708-253-8730 |
| | 13813 S. Keeler, Robbins, IL | | Corteone Crowder | 773-606-7643 |
| | At 13408 S Ridgeway Ave, Robbins, IL 60472 | | Nazerrick Childs | 708-355-0252 |
| | 3849 W. 139th Street | | Kayla Brown | |
| | 13620 S. Springfield, Robbins, IL | | Vanessa Martinez | 708-275-1650 |
| | At 13432 S Woodlawn Ave, Robbins, IL 60472 | | Aaliych Hunt | 708-715-6498 |
| | At 13754 S Claire Blvd, Robbins, IL 60472 | | Jaden Bossie | 815-716-3244 |
| | At 3308 W 137th St, Robbins, IL 60472 | | Candice Orinblood | 708-239-1811 |
| | " | | Anthony Murray | |
| | " | | De'Marion Orr | |
| | | | ~~Alonzo Ware~~ | |
| | 4112 W. 136 Place, Robbins | | Jaliyah Parham | 708-3714181 |
| | 14506 S California | | Jeremy Myers | 708-979-9729 |
| | 2852 W. 141st Street | | Zayveon Brownlee | 708-388-0183 |
| | 14217 Harrison | | Josue Arriaga | |
| | Arrive 100 W 91st St, Chicago, IL 60620 | | | |

*[handwritten signature]*
10115 S. Emerald
773 642-0770

 

# A.M. Bus Company, Inc.

## Request for Time Off

Employee Name: __Nicole Fraley__  Date Of Request: __2/22/2010__

Time Off / Leave of Absence Dates Requested: __2/22/2010 - April 1, 2010__

Reason for Absence __Daughter will be undergoing surgery on her brain__

Anticipated Date of Return: __April 2, 2010__

*I understand that the Time Off / Leave of Absence period requested above is non-paid. The time requested and reason is not attributable to my employer, A.M. Bus Company, Inc. If the anticipated return date changes I will notify my employer, A.M. Bus Company, Inc. immediately. I understand that my position or current route which I operate/aide will be immediately filled by another employee and it's availability upon my return is not guaranteed.*

Employee Signature: __Nicole Fay__   Date: __2/22/2010__

Supervisor Signature: __Christin__   Date: __2/22/2010__

Nicole Fay
10115 S. Emerald Ic
773 642-0770

100 W. 91st Street ~ Chicago, IL 60620
Phone (773) 396-5556 ~ Fax (773) 568-3490

Children's Memorial Hospital
**Department of Pediatric Neurosurgery**
2300 Children's Plaza
Chicago, IL 60614
Office: 773.880.4373   Fax: 773.880.4311



3/9/2010

Re: Deanndra Wood
MRN: 1132909
DOB: 10/10/1997

To Whom It May Concern:

This is to verify that Deanndra Wood underwent surgery for hydrocephalus as well as drainage of her tumor cyst on Friday, March 5, 2010 with Dr. Tomita. She was discharged home on Sunday, March 7, 2010.

Following surgery she did have some complications with a seizure which required her to return to the emergency room on Monday, March 8, 2010. She will have a follow up with Dr. Tomita 2 weeks following surgery. Please excuse her from school until that time.

Sincerely,

**Wendy Stellpflug, RN    (Electronically Signed)**
Brain Tumor Nurse Coordinator
Falk Brain Tumor Center
Children's Memorial Hospital

*[handwritten signature]*
10115 s. Emerald
773 642-0770

Children's Memorial Hospital
**Division of Pediatric Neurosurgery**
2300 Children's Plaza
Chicago, IL 60614
Office: 773.880.4373   Fax: 773.880.4311



3/31/2010

Re: Deanndra Wood
MRN: 1132909
DOB: 10/10/1997
Presented: 3/31/2010

TO WHOM IT MAY CONCERN:

Deanndra Wood was seen in the neurosurgery clinic today. She was accompanied to the visit by Nicole Farley. She has been caring for Deanndra since the time of her surgery. Deanndra will be returning to school on Monday, April 5, 2010. Please excuse her from work.

Sincerely,

**Wendy Stellpflug, RN   (Electronically Signed)**
Brain Tumor Nurse Coordinator
Falk Brain Tumor Center
Children's Memorial Hospital

*Nicole Fay*
10115 s. Emerald
773 642-0770