## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2492 | **DATE** | 7/15/2010 |
| **CASE TITLE** | Nicole Farley v. A.M. Bus Co. | | |

**DOCKET ENTRY TEXT**

Before the Court are Plaintiff's *in forma pauperis application* (IFP) and motion for appointment of counsel in her claim for employment discrimination. For the following reasons, Plaintiff's claim, along with her IFP application and motion for appointment of counsel, are **dismissed without prejudice. Plaintiff may re-file her claim by 8/16/2010, provided she can meet the requirements**, as explained below.

IT IS SO ORDERED.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff files a claim for retaliatory employment discrimination in violation of the Family and Medical Leave Act (FMLA). Plaintiff's IFP application, however, indicates that she was employed by Defendant from September 2009 to April 2010. As an employee must be employed at least 12 months by an employer to be eligible for FMLA protection, *see* 29 U.S.C. § 2611(2)(A)(i), Plaintiff has not stated a legal claim under the FMLA. Plaintiff's claim is therefore dismissed without prejudice to re-file if Plaintiff has any other legal basis for her claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

The Court notes also that employment discrimination claims require a plaintiff to exhaust administrative remedies before bringing a court action. *See* 42 U.S.C. § 2000e-5 and 29 U.S.C. § 626(d)(2); *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005). Plaintiff should follow the proper administrative procedures before re-filing.

Additionally, the Court notes that in Plaintiff's motion for appointment of counsel, she reports that she contacted only one organization in her search for counsel and that the organization did not have an attorney available for her case. This does not appear to be a very diligent search, and the Court suggests that Plaintiff make a more extensive effort to find counsel before reapplying to the Court for appointment of counsel.

Plaintiff's claim is therefore dismissed without prejudice. Plaintiff may re-file her claim, provided she can meet the requirements explained above.

Courtroom Deputy Initials: